# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**PROGRESSIVE AMERICAN**
**INSURANCE COMPANY,**

          **Plaintiff,**

v.                                              Case No: 6:24-cv-2265-CEM-DCI

**VIVIAN THOMAS, GEICO General**
**Insurance Company, ALLAN GROVE,**
**SALLY GROVE, and LANCE HARKE,**

          **Defendants.**

## ORDER

Plaintiff, an insurance company, initiated this case by filing a Complaint for Declaratory Judgment against Defendants. Doc. 1. Plaintiff contends that it has been unable to serve Defendant Vivian Thomas (Thomas) despite its diligent efforts to do so. Docs. 19, 20. Accordingly, Plaintiff moves for additional time to serve Thomas via publication. Docs. 19, 20 (the Motions). The Motions are due to be granted.

Rule 4(e) provides that an individual may be served in a judicial district of the United States by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1), (h)(1)(A). Florida law permits constructive service of process against a defendant in certain circumstances. One method of constructive service permitted under Florida law is service by publication. In Florida, service by publication may be made on any individual or corporation, upon which personal service cannot be made, in an action or proceeding "[f]or the construction of any will, deed, contract, or other written instrument and for a judicial declaration or enforcement of any legal or equitable right, title, claim, lien, or interest thereunder." Fla. Stat. § 49.011(5).

A motion for leave to serve by publication must be supported by a verified pleading, affidavit, or sworn statement "executed by the plaintiff, the plaintiff's agent or attorney[.]" Fla. Stat. § 49.031.

The sworn statement of the plaintiff, his or her agent or attorney, for service of process by publication against a natural person, shall show:

> (1) That diligent search and inquiry have been made to discover the name and residence of such person, and that the same is set forth in said sworn statement as particularly as is known to the affiant; and
>
> (2) Whether such person is over or under the age of 18 years, if his or her age is known, or that the person's age is unknown; and
>
> (3) In addition to the above, that the residence of such person is, either:
> (a) Unknown to the affiant; or
> (b) In some state or country other than this state, stating said residence if known; or
> (c) In the state, but that he or she has been absent from the state for more than 60 days next preceding the making of the sworn statement, or conceals himself or herself so that process cannot be personally served, and that affiant believes that there is no person in the state upon whom service of process would bind said absent or concealed defendant.

Fla. Stat. § 49.041.

Upon review of the Motions, Kelly L. Wilson's Affidavit, and the attached exhibits, the Court finds that Plaintiff has complied with the statutes governing service by publication and has made an adequate showing that it conducted a "diligent search and inquiry" in an effort to serve Thomas. Based on the foregoing, the Court finds that service through publication is warranted.

Relatedly, Plaintiff requests an order allowing an additional 56 days to serve the summons and complaint on Thomas via publication. Doc. 19. The Court finds that good cause exists to extend the time to serve Thomas.

## VI. Conclusion

For the foregoing reasons, it is **ORDERED** that:

1. Plaintiff's Motion for an Extension of Time to Serve Thomas (Doc. 19) is **GRANTED**;

2. **on or before May 15, 2025**, Plaintiff shall effectuate service of process upon Thomas; and

3. Plaintiff's Motion for Service by Publication (Doc. 20) is **GRANTED**.

**ORDERED** in Orlando, Florida on March 27, 2025.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE